

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00322-CR

---

JOSEPH LEE CANTU, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 4035, Honorable Stuart Messer, Presiding

---

April 24, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YABROUGH, JJ.

Appellant, Joseph Lee Cantu, appeals from the trial court's judgment adjudicating him guilty of evading arrest with a motor vehicle[1] and sentencing him to seven years of confinement. We remand for further proceedings.

We previously remanded this appeal on December 27, 2023, due to the reporter's failure to timely file the reporter's record. Thereafter, the reporter filed a "Transcript of

---

[1] *See* TEX. PENAL CODE ANN. § 38.04.

Sentencing Hearing July 17, 2023." Upon the filing of this transcript, the appeal was reinstated and Appellant's brief was set due. However, Appellant later notified the Court that an adjudication hearing on June 12, 2023, was not transcribed. Though Appellant requested a supplemental reporter's record and "has been in contact with the court reporter on several occasions, reminding the reporter that the transcript is needed," no supplemental record was filed. By letter of March 28, 2024, we notified the reporter that the supplemental record was due April 11, 2024. We also admonished her that failure to file the supplemental record by this deadline could result in the appeal again being abated and the cause remanded to the trial court for further proceedings without further notice. To date, the reporter has not filed the supplemental record or had any further communication with this Court.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1) what tasks remain to complete the filing of the requested supplemental reporter's record;

(2) why the reporter has not completed the necessary tasks;

(3) what amount of time is reasonably necessary for the completion of those tasks; and

(4) whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than thirty days to complete, certify, and file the supplemental reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by May 24, 2024.

Should the reporter file the supplemental record on or before the date the trial court acts per our directive, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.

3